**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: 11-06793-jw

## CONSENT ORDER FINDING CIVIL CONTEMPT, REQUIRING DISGORGEMENT OF FEES, AND IMPOSING FINES

The relief set forth on the following pages, for a total of 11 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**11/27/2012**



Entered: 11/27/2012

*John E. Waites*
Chief US Bankruptcy Judge
District of South Carolina

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

In re:

Anna Y. Garrison,

Debtor.

Chapter 13
Case No. 11-06793-jw

**CONSENT ORDER FINDING CIVIL CONTEMPT, REQUIRING DISGORGEMENT OF FEES, AND IMPOSING FINES**

This proceeding comes before the Court upon a civil contempt Order and Rule to Show Cause (the Rule) issued by the Court on December 2, 2011, regarding Sherwood Wayne Salmons (Mr. Salmons). The Rule required Mr. Salmons to appear before the Court and to show cause why he should not be held in civil contempt for acting as a bankruptcy petition preparer and engaging in the unauthorized practice of law in the present case in violation of an order entered July 13, 1999, by Judge J. Bratton Davis in *McDow v. Salmons (In re Calvin DuBose)*, C/A No. 99-00385-bd, Adv. P. No. 99-00385-bd. That order permanently enjoined Mr. Salmons from acting as a bankruptcy petitioner preparer and from engaging in the unauthorized practice of law.

The Court has jurisdiction of this proceeding under 28 U.S.C. §§ 157, 1334, and Local Civil Rule 83.IX.01 DSC. This matter is a core proceeding. 28 U.S.C. § 157(b)(2). Appropriate venue of this case and this proceeding resides in the District of South Carolina. 28 U.S.C. §§ 1408-1409.

## BACKGROUND

Mr. Salmons has a long troubled history with this Court as a bankruptcy petition preparer and as an individual engaging in the unauthorized practice of law. Chief Judge J. Bratton Davis

2

permanently enjoined Mr. Salmons from acting as a bankruptcy petition preparer and from engaging in the unauthorized practice of law in this jurisdiction and in any other jurisdiction with the United States. *McDow v. Salmons, supra.* Mr. Salmons, however, was not deterred by the nationwide injunction. A few years later, on April 2, 2008, the Court entered an order and judgment against Mr. Salmons imposing fines of $27,500.00 under 11 U.S.C. § 110. *See McDow v. Salmons (In re Tammy M. Roberts)*, C/A 07-06723-jw, Adv. P. No. 08-8008-jw (Bankr. D.S.C. April 2, 2008). That order required Mr. Salmons to pay the fines to the United States Trustee in accordance with 11 U.S.C. § 110(l)(4) within sixty days from the entry of the order. Mr. Salmons has not paid anything to date.[1]

The present matter first came before the Court during a status hearing held on November 22, 2011, which was scheduled under § 105(d) to review with the debtor in this case, Anna Y,. Garrison, filing pro se, the requirements associated with the filing of a bankruptcy case. At that hearing the Court learned that the debtor had received assistance from Mr. Salmons in filing her case, including assistance in preparing or assisting her in securing documents for filing with the Court for which she paid Mr. Salmons the sum of $400. Being neither an attorney nor an employee of an attorney, Mr. Salmons was and still remains a bankruptcy petition preparer within the meaning of § 110(a). Mr. Salmon's involvement in the present case was not disclosed in the debtor's schedules, petition, or statement of financial affairs as required by § 110 and the Official Forms, a practice which Mr. Salmons has consistently maintained over the years.

On December 2, 2011, this Court issued the Rule requiring Mr. Salmons to appear and to explain his failure to comply with the July 13, 1999 order of the Court and to show cause why he should not be held in civil contempt and have fines imposed against him based upon § 110. Prior to the hearing on the Rule, Mr. Salmons filed correspondence with the Court stating that he

---

[1] Further reference to Title 11 U.S.C. § 101, *et seq.*, will be by section number only.

3

would be unable to attend the Rule hearing on December 22, 2011, due to medical issues. As required by the Rule, he also disclosed that he had acted as a bankruptcy petition preparer in filing two bankruptcy cases in 2011, a violation of the July 13, 1999, order. At the hearing on the Rule, counsel for the debtor appeared and indicated that, in her view, Mr. Salmons' assistance and advice to the debtor were inaccurate, incomplete, and not beneficial. Also at the hearing, the chapter 13 trustee reported that based upon similarities of documents in other recent cases and statements by additional debtors, Mr. Salmons appeared to have been involved in and providing assistance in twelve other cases. The hearing on the Rule to Show Cause was continued to February 3, 2012.

On February 2, 2012, Mr. Salmons filed correspondence with the Court indicating that he would not appear at the February 3, 2012, hearing due to medical reasons. Counsel for the United States Trustee did appear and indicated that the United States Trustee would assist the Court in prosecuting the Rule. Counsel for the United States Trustee further indicated that Mr. Salmons had used medical excuses in past dealings with the United States Trustee to avoid making appearances in proceedings against him.

On February 23, 2012, the Court directed the United States Marshal to take Mr. Salmons into custody and to bring him before the Court on March 15, 2012. The Marshal brought Mr. Salmons before the Court, and he was examined by counsel for the United States Trustee. Mr. Salmons admitted at the hearing that since January 2008 he has for compensation prepared or assisted in the preparation or securing of documents for filing with this Court by individuals. He acknowledged that he provided this assistance with knowledge of the July 13, 1999 order of this Court permanently enjoining him from acting as a bankruptcy petition preparer and from engaging in the unauthorized practice of law. He admitted providing assistance to the debtor in

4

this case, Anna Garrison, and to one other debtor, Rigba Wolfe, Jr. He admitted that he received $400 from Ms. Garrison and $795 from Mr. Wolfe. Mr. Salmons claims that, rather than preparing the bankruptcy documents himself, he secured a bankruptcy petition preparer online to prepare the documents. He claims that he delivered the completed work product to the prospective debtors. Mr. Salmons admits involvement in the Wolfe and Garrison bankruptcy cases, and admits that there may be one or two others, but he could not remember any other cases, and he keeps no records from which this information could be obtained. He also admitted advising clients regarding the effects of fling a bankruptcy case and other topics such as the cost of filing, the proper place to file bankruptcy documents, the proper completion of the Official Forms, and the effect of the automatic stay. He further admitted taking credit counseling courses for prospective debtors, but he claims he did so with the debtors' permission because they did not have a computer. He admitted that sometimes the debtors were not in the room when he took the online creditor counseling course for them. He admitted telling prospective debtors that he had access to skilled paralegals that could assist him in the preparation of bankruptcy documents. He guaranteed his clients that he could stop a foreclosure against their residence.

Mr. Salmons further testified at the hearing that as part of his compensation charged to prospective debtors he would talk to their mortgage companies to obtain workouts or some other arrangements to halt pending foreclosure actions. He claims that he stopped four or five foreclosures eliminating the need for the clients to file for bankruptcy, although he admitted he had no documents to support his contention. He acknowledged that he has told clients since 2008 not to disclose his involvement to anyone if they chose to file for bankruptcy relief. He admitted making this statement to the debtor in the present case. He admitted concealing his

involvement in the present case and in other cases to avoid being held in violation of the Court's July 13, 1999 order. He also admitted to having two state felony convictions in the last eight years involving dishonesty or the making a false statement.

Following the March 15, 2012, hearing, the Court issued a scheduling order setting the time for discovery, providing for the submission of a joint pre-trial stipulation, and setting a pre-trial hearing. The Court established August 1, 2012, as the deadline for discovery.

On April 30, 2012, the United States Trustee served interrogatories and a request for production upon Mr. Salmons. Copies of these discovery requests were attached to the United States Trustee's first motion to extend the scheduling order deadlines. Further, the United States Trustee served a request for inspection of property pursuant to Fed. R. Bankr. P. 7034 seeking inspection of:

> All computer and electronic record keeping systems used in loss mitigation or bankruptcy petition preparing since January 1, 2008. This request includes all hard drives, disks, and computer systems [includes computer PC, laptop, I-phone, tablet, etc.].

Mr. Salmons to date has not responded to the interrogatories and the request for production of documents claiming that he has no paper records to furnish to the United States Trustee. He did, however, turn over his personal computer to the United States Trustee on June 14, 2012. The United States Trustee through a computer forensic expert completed an initial examination of Mr. Salmon's computer hard drive.

United States Trustee for Region 21, Donald F. Walton, obtained a judgment against Mr. Salmons on July 2, 2012, for violations of § 110. The Bankruptcy Court for the Southern District of Georgia (Savannah) fined Mr. Salmons $5,000 for his misconduct in acting as a bankruptcy petition preparer in the case of *In re Arthur L. Johnson*, C/A 11-12608-sdb (Bankr. S.D.GA. July 3, 2012), for conduct taking place after December 1, 2011. Acting as a

bankruptcy petition preparer in Georgia constitutes a violation of this Court's July 13, 1999, order.

The United States Trustee contends that following the entry of the Rule on December 2, 2011, Mr. Salmons continued to violate the Court's permanent injunction by assisting potential bankruptcy debtors with their bankruptcy cases as a bankruptcy petition preparer and by engaging in the unauthorized practice of law.

The United States Trustee began taking Mr. Salmon's deposition on October 24, 2012 in brief increments over several days telephonically due to Mr. Salmon's present health condition and his alleged lack of funds and means of transportation to come to the United States Trustee's office in downtown Columbia. Mr. Salmons is seventy-one years old, suffers from renal disease, and takes home dialysis as his primary treatment. The Court granted the United States Trustee a final extension of the discovery period on November 2, 2012, to complete the deposition and to analyze information obtained from the deposition. The Court extended the discovery period by an additional two months to January 1, 2013. Mr. Salmons' deposition has not been completed.

The United States Trustee contends that since January 1, 2008, Mr. Salmons has provided bankruptcy assistance to at least twenty-one individuals in violation of the Court's permanent injunction, including three individuals following the start of this civil contempt proceeding. While Mr. Salmons does not admit assisting this many individuals, he acknowledges that he has no records regarding any of the individuals he has assisted other than what might be found on his computer. The United States Trustee contends very little data can be found on the computer's hard drive related to the contempt proceeding before the Court.

Counsel for the United States Trustee and Mr. Salmons have informed the Court that the parties have reached a settlement of the issues between them. The proposed settlement terms are:

1.  Mr. Salmons, without admitting any of the specific allegations made by the United States Trustee, agrees not to contest the general allegation that he has violated the July 13, 1999 Order of this Court permanently enjoining him from acting as a bankruptcy petition preparer and from engaging in the unauthorized practice of bankruptcy law. Mr. Salmons agrees to a finding that he is in civil contempt of the Order of this Court.

2.  Mr. Salmons agrees to immediately disgorge all monies received from bankruptcy debtors to whom he has provided assistance since January 1, 2008. He will refund to each debtor the amount actually received from the debtor or $500.00, whichever is greater, due to his inability to keep records of the cash he received from each debtor. The debtors to whom refunds are due are listed in Exhibit A at the end of this order.

3.  Mr. Salmons consents to a fine against him in the amount of $50,000.00 for various violations of 11 U.S.C. § 110 since January 1, 2008, which shall constitute a money judgment against him. This fine shall be payable immediately to the United States Trustee in accordance with § 110(l) and shall be due and payable immediately upon the entry of this order. Among the subsections of § 110 supporting this fine are subsections (b) [failing to sign a prepared document and to provide the required written notice to debtors describing the limitations placed on a bankruptcy petition preparer]; (c) [failing to place the social security number of a bankruptcy petition preparer on a document prepared for filing with a bankruptcy court; (e) [providing legal advice to a potential bankruptcy debtor]; (f) [using the word "legal" to promote bankruptcy petition preparer services]; and (h) [failing to supply the required sworn declaration to each potential bankruptcy debtor to be filed with the petition].

4.  Mr. Salmons acknowledges that his computer, which is presently being held by the United States Trustee as part of discovery, was the principal tool enabling him to act as a bankruptcy petition preparer and to engage in the unauthorized practice of bankruptcy law in violation of the permanent injunction entered by this Court. Until such time as Mr. Salmons provides satisfactory proof to the United States Trustee that all monies received from bankruptcy debtors have been returned in accordance with this order, the fine of $50,000.00 has been paid, and the prior fine of $27,500 has been paid, the United States Trustee, in his discretion, may continue to retain possession of the computer. The United States Trustee, however, in his sole discretion, may return the computer to Mr. Salmons before Mr. Salmons has complied with all terms of this agreement, provided, all operating systems, software, and all data have been eliminated from the hard drive.

## DISCUSSION

A bankruptcy court possesses the inherent authority to sanction a party for civil contempt and has broad discretion in fashioning a remedy for civil contempt. *Brown v. Goode, Peterson & Hernme (In re Brown)*, CA No. 01-02595-W; Adv. Pro. No. 01-80040-W, slip op. at 13 (Bankr. D.S.C. Aug. 25, 2001) (*citing In re Walters*, 868 F.2d 665, 669 (4th Cir. 1989)); see also *Mountain America Credit Union v. Skinner (In re Skinner)*, 917 F.2d 444, 447 (10th Cir. 1990) (concluding the Congress granted civil contempt authority to the bankruptcy courts under § 105(a) and citing numerous cases to find that "the weight of authority supports our holding that section 105(a) empowers bankruptcy courts to enter civil contempt orders"); *In re Cheq*, 247 B.R. 176, 186-87 (Bankr. E.D. Va. 2000) ("11 U.S.C. § 105(a) authorizes a bankruptcy court to hold a party in civil contempt for failing to comply with a previous order."). Civil contempt, unlike criminal contempt, sanctions a party to enforce compliance with a court order or to compensate an injured party for losses sustained as a result of non-compliance. *Id.*

The Court concludes that it possesses the authority to adopt and to enforce the settlement agreement reached between the United States Trustee and Mr. Salmons. Section 110, in addition to this Court's inherent authority in matters of civil contempt, authorizes the civil fines agreed upon by the parties, the disgorgement of funds paid by debtors to Mr. Salmons as compensation for losses sustained by the debtors as a result of Mr. Salmons' non-compliance with the 1999 injunction, and the disposition of Mr. Salmons' computer. The Court finds the settlement agreement to be reasonable and an appropriate remedy to resolve the Rule. The Court adopts the parties' agreement as the Order of the Court.

A judgment shall issue incorporating the settlement terms, and it shall be filed in such places as the United States Trustee deems appropriate.

AND IT IS SO ORDERED.

WE CONSENT:

W. CLARKSON MCDOW, JR.
United States Trustee
Region Four
By: /s/ John T. Stack
John T. Stack
Trial Attorney
Dist. Ct. I.D. No. 4272
Department of Justice
Office of United States Trustee
1835 Assembly Street, Ste. 953
Columbia, South Carolina 29201
(803) 765-5218
john.t.stack@usdoj.gov


SHERWOOD W. SALMONS

*/s/ Sherwood W. Salmons*     *Jeo Bell*
Sherwood W. Salmons                  witness
3528 Kay Street
Columbia, SC 29210
(803) 708-1341
sssalmons@aol.com

## EXHIBIT A

In re Michael Johnson, chapter 13, C/A No. 09-09117-jw (Bankr. D.S.C. filed 12-4-09)

In re Timothy Ashford, chapter 13, C/A No. 09-09619-jw (Bankr. D.S.C. filed 12-18-09)

In re Deborah Rochelle Stanford, chapter 13, C/A No. 09-09590-jw (Bankr. D.S.C. filed 12-23-09)

In re Anthony Palmer, chapter 13, C/A No. 09-09679-jw (Bankr. D.S.C. filed 12-30-09)


In re Domingo Pacheco, chapter 13, C/A No. 10-02320-hb (Bankr. D.S.C. filed 3-31-10)

In re Jessie Pearl Brooks, chapter 13, C/A No. 10-02369-jw (Bankr. D.S.C. filed 4-1-10)

In re Pierre J.G. Jones, chapter 13, C/A No. 10-04085-jw (Bankr. D.S.C. filed 6-7-10)

In re Jacqueline Kennedy, chapter 13, C/A No. 10-05527-jw (Bankr. D.S.C. filed 8-2-10)

In re Betty Jean Thomason, chapter 13, C/A No. 10-08308-hb (Bankr. D.S.C. filed 11-19-10)


In re Tyron Pontoo, chapter 13, C/A No. 11-01323-dd (Bankr. D.S.C. filed 3-1-11)

In re Mary L. Johnson-Toole, chapter 13, C/A No. 11-02133-jw (Bankr. D.S.C. filed 3-31-11)

In re Roy E. Wehrman, Jr., chapter 13, C/A No. 11-02759-jw (Bankr. D.S.C. filed 4-27-11)

In re Margaret W. Mack, chapter 13, C/A No. 11-02867-jw (Bankr. D.S.C. filed 4-29-11)

In re Cloraetta Reynolds, chapter 13, C/A No. 11-05948-jw (Bankr. D.S.C. filed 9-26-11)

In re Anna Y. Garrison, chapter 13, C/A No. 11-06793-jw (Bankr. D.S.C. filed 11-1-11)

In re Rigba C. Wolfe, Jr., chapter 13, C/A No. 11-06907-dd (Bankr. D.S.C. filed 11-7-11)

In re Eleanor R. Campbell, chapter 13, C/A No. 11-06902-dd (Bankr. D.S.C. filed 11-7-11)

In re Clayton D. MacCaulay, chapter 13, C/A No. 11-07382-dd (Bankr. D.S.C. filed 11-30-11)


In re Pauline R. Galloway, chapter 13, C/A No. 12-01262-hb (Bankr. D.S.C. filed 2-29-12)

In re Betty W. Nelson, chapter 13, C/A No. 12-01977-hb (Bankr. D.S.C. filed 3-28-12)

In re Chelya Anne Bell, chapter 13, C/A No. 12-03565-jw (Bankr. D.S.C. filed 6-5-12)